1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC., | Case No. 5:15-cv-00165-PSG |
| Plaintiff, | **ORDER RE: MOTIONS TO SEAL** |
| v. | **(Re: Docket Nos. 183, 192, 194)** |
| ZTE CORPORATION, et al., | |
| Defendants. | |

| | |
|---|---|
| ADAPTIX, INC., | Case No. 5:15-cv-00166-PSG |
| Plaintiff, | **ORDER RE: MOTIONS TO SEAL** |
| v. | **(Re: Docket Nos. 186, 194, 196)** |
| ZTE CORPORATION, et al., | |
| Defendants. | |

| | |
|---|---|
| ADAPTIX, INC., | Case No. 5:15-cv-00167-PSG |
| Plaintiff, | **ORDER RE: MOTIONS TO SEAL** |
| v. | **(Re: Docket Nos. 191, 199, 200)** |
| ZTE CORPORATION, et al., | |
| Defendants. | |

**United States District Court**
For the Northern District of California

1

2

3

4

5

ADAPTIX, INC.,                                                    )     Case No. 5:15-cv-00168-PSG
                                                                       )
                                 Plaintiff,               )     **ORDER RE: MOTIONS TO SEAL**
                                                                       )
            v.                                                      )     **(Re: Docket Nos. 154, 162, 163)**
                                                                       )
ZTE CORPORATION, et al.,                          )
                                                                       )
                                 Defendants.         )
_____ )

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Before the court are 12 administrative motions to seal several documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1]  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2]  Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4]  Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5]  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6]  As with dispositive motions, the

_____

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

1   standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific

2   prejudice or harm will result" if the information is disclosed.[8]   "Broad allegations of harm,

3   unsubstantiated by specific examples of articulated reasoning" will not suffice.[9]   A protective order

4   sealing the documents during discovery may reflect the court's previous determination that good

5   cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to

6   designate confidential documents does not provide sufficient judicial scrutiny to determine whether

7   each particular document should remain sealed.[11]

8       In addition to making particularized showings of good cause, parties moving to seal

9   documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to

10  Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

11  is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

12  the law."  "The request must be narrowly tailored to seek sealing only of sealable material, and

13  must conform with Civil L.R. 79-5(d)."[12]  "Within 4 days of the filing of the Administrative

14

15

16

17

18
_____

19  [7] Id.

20  [8] Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002);
    see Fed. R. Civ. P. 26(c).

21  [9] Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

22  [10] See Kamakana, 447 F.3d at 1179-80.

23  [11] See Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to
24  designate certain documents as confidential is not sufficient to establish that a document, or
    portions thereof, are sealable.").

25  [12] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed
26  order that is narrowly tailored to seal only the sealable material" which "lists in table format each
    document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an
27  "unredacted version of the document" that indicates "by highlighting or other clear method, the
    portions of the document that have been omitted from the redacted version."
28  Civ. L.R. 79-5(d)(1)(d).

3

Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

    With these standards in mind, the courts rules on the instant motions as follows:

| **Motion to Seal** | **Document to be Sealed** | **Result** | **Reason/Explanation** |
|---|---|---|---|
| | | **Case No. 15-165** | |
| 183 | Supplemental Letter Brief | Designations highlighted in yellow, green and orange at Docket No. 193 SEALED. | Narrowly tailored to confidential business information. |
| 183 | Exhibit A to Larish Declaration | Designations highlighted in orange at Docket No. 193-2 SEALED. | Narrowly tailored to confidential business information. |
| 183 | Exhibit A to Williams Declaration | SEALED | Narrowly tailored to confidential business information. |
| 183 | Exhibit B to Williams Declaration | Designations highlighted in blue at Docket No. 194-4 SEALED. | Narrowly tailored to confidential business information. |
| 183 | Exhibit C to Williams Declaration | Designations highlighted in yellow at Docket No. 183-6 SEALED; designations highlighted in blue at Docket No. 194-6 SEALED. | Narrowly tailored to confidential business information. |
| 183 | Exhibit D to Williams Declaration | Designations highlighted in yellow at Docket No. 183-8 SEALED. | Narrowly tailored to confidential business information. |
| 183 | Exhibit E to Williams Declaration | Designations highlighted in yellow at Docket No. 183-10 SEALED. | Narrowly tailored to confidential business information. |
| 183 | Exhibit A to McGrory Declaration | Designations highlighted in yellow at Docket No. 183-13 SEALED EXCEPT names of Sprint employees UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 183 | Exhibit B to McGrory Declaration | Designations highlighted in yellow at Docket No. 183-14 | Narrowly tailored to confidential business |

---
[13] Civ. L.R. 79-5(e)(1).

Case Nos. 5:15-cv-00165-PSG; -00166; 00167; -00168
ORDER RE: MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| | | SEALED. | information. |
| 183 | Exhibit C to McGrory Declaration | Designations highlighted in yellow at Docket No. 183-15 SEALED. | Narrowly tailored to confidential business information. |
| 192 | Supplemental Letter Brief | See entry re Docket No. 183 | |
| 192 | Exhibit A to Larish Declaration | See entry re Docket No. 183 | |
| 194 | Supplemental Letter Brief | See entry re Docket No. 183 | |
| 194 | Exhibit A to Williams Declaration | See entry re Docket No. 183 | |
| 194 | Exhibit B to Williams Declaration | See entry re Docket No. 183 | |
| 194 | Exhibit C to Williams Declaration | See entry re Docket No. 183 | |
| 194 | Exhibit C to McGrory Declaration | See entry re Docket No. 183 | |
| **Case No. 15-166** | | | |
| 186 | Supplemental Letter Brief and Exhibits | See entry re Case No.: 15-165, Docket No. 183 | |
| 194 | Supplemental Letter Brief and Exhibits | See entry re Case No.: 15-165, Docket No. 192 | |
| 196 | Supplemental Letter Brief and Exhibits | See entry re Case No.: 15-165, Docket No. 194 | |
| **Case No. 15-167** | | | |
| 191 | Supplemental Letter Brief and Exhibits | See entry re Case No.: 15-165, Docket No. 183 | |
| 199 | Supplemental Letter Brief and Exhibits | See entry re Case No.: 15-165, Docket No. 192 | |
| 200 | Supplemental Letter Brief and Exhibits | See entry re Case No.: 15-165, Docket No. 194 | |
| **Case No. 15-168** | | | |
| 154 | Supplemental Letter Brief and Exhibits | See entry re Case No.: 15-165, Docket No. 183 | |

Case Nos. 5:15-cv-00165-PSG; -00166; 00167; -00168
ORDER RE: MOTIONS TO SEAL

| 162 | Supplemental Letter Brief and Exhibits | See entry re Case No.: 15-165, Docket No. 192 | |
| 163 | Supplemental Letter Brief and Exhibits | See entry re Case No.: 15-165, Docket No. 194 | |

**SO ORDERED.**

Dated: May 8, 2015

PAUL S. GREWAL
United States Magistrate Judge

Case Nos. 5:15-cv-00165-PSG; -00166; 00167; -00168
ORDER RE: MOTIONS TO SEAL