UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>ZTE CORPORATION, et al.,<br><br>          Defendants. | Case No. 5:15-cv-00165-PSG<br><br>**ORDER GRANTING-IN-PART MOTIONS FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>**(Re: Docket Nos. 93, 94)** |
| ADAPTIX, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>ZTE CORPORATION, et al.,<br><br>          Defendants. | Case No. 5:15-cv-00166-PSG<br><br>**ORDER GRANTING-IN-PART MOTIONS FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>**(Re: Docket Nos. 92, 93)** |
| ADAPTIX, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>ZTE CORPORATION, et al.,<br><br>          Defendants. | Case No. 5:15-cv-00167-PSG<br><br>**ORDER GRANTING-IN-PART MOTIONS FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>**(Re: Docket Nos. 97, 98)** |

| | |
|---|---|
| ADAPTIX, INC., | Case No. 5:15-cv-00168-PSG |
| Plaintiff, | **ORDER GRANTING-IN-PART MOTIONS FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS** |
| v. | |
| ZTE CORPORATION, et al., | **(Re: Docket Nos. 77, 78)** |
| Defendants. | |

Plaintiff Adaptix Inc. seeks leave to amend its preliminary infringement contentions[1] to (1) reassert a theory of contributory infringement and (2) add four accused products: Boost Max N9520, Sprint Vital N9810, ZTE Grand S Pro and ZTE Unite II MF96U.[2] Defendants ZTE USA, Inc., Boost Mobile, LLC, Sprint Spectrum L.P., T-Mobile USA, Inc., MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. oppose. Adaptix's motion is GRANTED but only in very limited part.

**I.**

Under Patent L.R. 3-6(b), "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made only be order of the Court upon a timely showing of good cause."[3] The court must consider whether the moving party was diligent in amending its contentions and whether allowing such amendment would prejudice the non-moving party.[4] "Although the existence or degree of prejudice to the party opposing the modification might supply additional

---

[1] Although this court no longer uses the term "preliminary" infringement contentions in its rules, for ease of reference and consistency with Adaptix's styling, the court adopts it here.

[2] *See* Case No. 5:15-cv-00165: Docket Nos. 93, 94. Adaptix also sought to modify its analysis of its assertion of 3x modes, but has withdrawn that request. *See* Case No. 5:15-cv-00165: Docket No. 105 at 1.

[3] Patent L.R. 3-6(b). "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) A claim construction by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material, prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id.*

[4] *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006).

reasons to deny a motion, the focus of the [good cause] inquiry . . . is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end."[5]

The four cases at issue—the ZTE Cases—are part of a second wave of suits brought by Adaptix and assigned to the undersigned following transfer from the Eastern District of Texas.[6] They follow a first wave of cases in which judgment was entered on February 2, 2015.[7] The "Wave 2" cases were filed on May 28, 2013.[8] Almost nine months later, on February 21, 2014, Adaptix served its preliminary infringement contentions.[9]

In late June 2014, Adaptix took the deposition of third-party Qualcomm, Inc., during which Adaptix was told of the functionality in the accused products that it says gives rise to a contributory infringement theory.[10] Adaptix had initially pleaded contributory infringement in its complaint[11] but then dropped the theory by failing to include it in its preliminary infringement contentions.[12] By August 7, 2014, Adaptix informed Defendants of its intention to seek leave to reassert a

---

[5] *Acer, Inc. v. Tech. Prop. Ltd.*, Case Nos. 08-cv-00877, 08-cv-00882, 08-cv-05398, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) (quoting *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992)); *see also O2 Micro Int'l*, 467 F.3d at 1366 ("We agree with the Northern District of California that 'good cause' requires a showing of diligence."); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-cv-01846, 2012 WL 1067548, at *2 (N.D. Cal. Mar. 27, 2012) ("Only if the moving party is able to show diligence may the court consider the prejudice to the non-moving party" (citing *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009)).

[6] *See* Case No. 5:15-cv-00165: Docket No. 121.

[7] *See* Case Nos. 5:13-cv-01776, 5:13-cv-01777, 5:13-cv-01778, 5:13-cv-01844, 5:13-cv-02023.

[8] *See, e.g.*, Case No. 5:15-cv-00165: Docket No. 1.

[9] *See* Case No. 5:15-cv-00165: Docket No. 94 at 1.

[10] *See id.* ("During the course of this deposition, it was learned that the Qualcomm's baseband processors used in Defendants' accused handsets: (1) have separate hardware and embedded software modules to perform the patented processes, and (2) that the infringing modules have no non-infringing use. As the modules are separate, rather than combined, the fact that one module may operate in a non-infringing manner does not preclude a claim of contributory infringement against the separate modules that operate in an infringing manner." (internal citations omitted)).

[11] *See* Case No. 5:15-cv-00165: Docket No. 1 at ¶¶ 24-29, 44-49.

[12] *See* Case No. 5:15-cv-00165: Docket No. 102 at 5.

3
Case Nos. 5:15-cv-00165-PSG; -00166; 00167; -00168
ORDER GRANTING-IN-PART MOTIONS FOR LEAVE TO AMEND PRELIMINARY INFRINGEMENT CONTENTIONS

contributory infringement theory.[13] Adaptix also raised its intention to seek leave to add four additional accused products: Boost Max N9520, Sprint Vital N9810, ZTE Grand S Pro and ZTE Unite II MF96U.[14] Recognizing that the latter two were newly released products that could not have been asserted earlier, Defendants responded that they would not oppose the addition of ZTE Grand S Pro and ZTE Unite II MF96U.[15] But in light of release dates for Boost Max N9520 and Sprint Vital N9810 dating back to mid-2013 and January 2014, Defendants oppose their addition.[16] These motions to amend followed.

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

## III.

The basic question here is whether Adaptix was diligent in pursuing its proposed amendments. Based on the record presented, the answer to that question is no.

*First*, Adaptix has not shown it was diligent in reasserting a contributory infringement theory. While it is true that Adaptix waited only 18 days after the Qualcomm deposition to seek amendment, Adaptix has not shown the deposition was the first time it learned of anything essential to its contributory infringement theory. Adaptix's proposed contentions for all Defendants say nothing about processors that have separate hardware and software 'modules'—the supposed new information learned at the deposition—and instead are based on allegations focused generally on the sale of the handsets themselves. This is the same level of information found in Adaptix's original complaint. Particularly where Adaptix originally pleaded a contributory

---

[13] *See* Case No. 5:15-cv-00165: Docket No. 94 at 2.

[14] *See* Case No. 5:15-cv-00165: Docket No. 93 at 1.

[15] *See id.* at 1-2. Based on Defendants' non-opposition, Adaptix's motion is GRANTED as to these two products.

[16] *See id.*

infringement theory and then abandoned it in its preliminary infringement contentions, without identifying specific new information material to a new theory, the court cannot find that Adaptix has established the requisite diligence.[17]

***Second***, Adaptix offers no explanation for its failure to identify the Boost Max N9520 and Sprint Vital N9810 before it filed its preliminary infringement contentions. Rather, Adaptix attempts to shift the notice burden to Defendants, arguing that "[e]ven if the products were available prior to the [Patent L.R.] 3-1 deadline, Defendants were nonetheless on notice that Adaptix's infringement theories centered around 4G LTE compatible devices."[18] But this is not how the rules work. The key question is whether Adaptix "could have discovered [the new information] earlier had it acted with the requisite diligence."[19] And the answer here—in the absence of any justification—is yes.[20]

## IV.

The motions are GRANTED-IN-PART. Adaptix may add ZTE Grand S Pro and ZTE Unite II MF96U to its infringement contentions. All other relief requested is DENIED.

**SO ORDERED.**

Dated: August 4, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[17] *See Acer, Inc.*, 2010 WL 3618687, at *3 (quoting *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) ("Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction.")); *O2 Micro*, 467 F.3d at 1366 n.12 (the rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.").

[18] Case No. 5:15-cv-00165: Docket No. 93 at 5.

[19] *Dynetix Design Solutions v. Synopsys*, Case No. 11-cv-05973, 2012 WL 6019898, at *2 (N.D. Cal. Dec. 3, 2012).

[20] Because the court finds that Adaptix was not diligent in seeking amendment, there is no need to consider whether such amendment would prejudice Defendants. *See id.*

5
Case Nos. 5:15-cv-00165-PSG; -00166; 00167; -00168
ORDER GRANTING-IN-PART MOTIONS FOR LEAVE TO AMEND PRELIMINARY
INFRINGEMENT CONTENTIONS