**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:14-cv-02359-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASES** |
| v. | ) | |
| | ) | |
| HTC CORPORATION, et al., | ) | **(Re: Docket No. 73)** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:14-cv-02360-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASES** |
| v. | ) | |
| | ) | |
| HTC CORPORATION, et al., | ) | **(Re: Docket No. 89)** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:14-cv-02894-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASES** |
| v. | ) | |
| | ) | |
| KYOCERA CORPORATION, et al., | ) | **(Re: Docket No. 118)** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:14-cv-02895-PSG |
| | ) | |
| PLAINTIFF, | ) | **ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASES** |
| V. | ) | |
| | ) | |
| KYOCERA CORPORATION, et al., | ) | **(Re: Docket No. 120)** |
| | ) | |
| Defendants. | ) | |

1

Case Nos. 5:14-cv-02359; -02360; -02894; -02895; 5:15-cv-00165; -00166; -00167; -00168
ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASES

**United States District Court**
For the Northern District of California

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:15-cv-00165-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **STAY PENDING RESOLUTION OF** |
| v. | ) | **APPEAL IN RELATED CASES** |
| | ) | |
| ZTE CORPORATION, et al., | ) | **(Re: Docket No. 150)** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:15-cv-00166-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **STAY PENDING RESOLUTION OF** |
| v. | ) | **APPEAL IN RELATED CASES** |
| | ) | |
| ZTE CORPORATION, et al., | ) | **(Re: Docket No. 153)** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:15-cv-00167-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **STAY PENDING RESOLUTION OF** |
| v. | ) | **APPEAL IN RELATED CASES** |
| | ) | |
| ZTE CORPORATION, et al., | ) | **(Re: Docket No. 162)** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:15-cv-00168-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **STAY PENDING RESOLUTION OF** |
| v. | ) | **APPEAL IN RELATED CASES** |
| | ) | |
| ZTE CORPORATION, et al., | ) | **(Re: Docket No. 125)** |
| | ) | |
| Defendants. | ) | |

Over the past three years, Plaintiff Adaptix, Inc. has filed over 35 cases in multiple "waves" of litigation in this court and the Eastern District of Texas, alleging that LTE handset manufacturers and wireless carriers infringe U.S. Patent Nos. 6,947,748 and 7,454,212. Suffice it to say that Adaptix lost the first wave of cases: on February 2, 2015, the court entered final

**United States District Court**
For the Northern District of California

judgment after granting summary judgment of non-infringement and partial summary judgment of invalidity.

Defendants HTC America, Inc., HTC Corporation, AT&T Mobility LLC, Cellco Partnership, Sprint Spectrum LP, Kyocera Corporation, Boost Mobile, T-Mobile USA, Inc. and ZTE (USA), Inc. now seek a stay in these cases pending resolution of an appeal in the Wave 1 cases now before the Federal Circuit.[1]  Adaptix opposes.  Because the court is not convinced that a stay would enhance efficiency or avoid any undue prejudice to Defendants, the motion is DENIED.

## I.

A court's discretionary power to stay proceedings is "incidental to the power inherent in every court to control the disposition of causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants."[2]  A stay pending appeal of a related case is appropriate if the disposition of the related case may "narrow the issues in the pending case and assist in the determination of the questions of law involved."[3]  The moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[4]

On January 20, 2015, the court granted the Wave I Defendants' motion for summary judgment of no direct infringement.[5]  Citing the recently issued decision in *Ericsson, Inc. v. D-Link Systems, Inc.*, the court held that "[u]nder *Ericsson*, even if [Defendants] supply handsets

---

[1] The "Wave 1" cases are: 5:13-cv-01776, 5:13-cv-01777, 5:13-cv-01778, 5:13-cv-01844, 5:13-cv-02023.  Defendants Verizon Wireless and Dell Inc. filed notices of joinder to Defendants' motion.  *See* Case No. 5:14-cv-01259: Docket Nos. 170, 175.  Dell Inc. has since been dismissed from this case.  *See* Case No. 5:14-cv-01259: Docket No. 182.  The motion is DENIED as to Defendant Verizon Wireless, as well.

[2] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[3] *Id.* at 253; *accord Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

[4] *Landis*, 299 U.S. at 255.

[5] *See* Case No. 5:13-cv-01776: Docket No. 402.

Case Nos. 5:14-cv-02359; -02360; -02894; -02895; 5:15-cv-00165; -00166; -00167; -00168
ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASES

United States District Court
For the Northern District of California

preprogrammed to perform multiple claimed steps, Defendants must still perform at least one step of a claimed method themselves to be held liable for direct infringement.  Because there is no genuine dispute that Defendants perform no such step, Defendants' motions must be GRANTED."[6]

Three days later, the court also granted Defendants' motion for partial summary judgment of invalidity, ruling that claims 8 and 9 of the '748 patent and claims 9 and 10 of the '212 patent are indefinite.[7]  As is its right, Adaptix has appealed the court's rulings to the Federal Circuit.[8]

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

## III.

When exercising its discretionary power to stay proceedings, the court "must weigh competing interests and maintain an even balance."[9]  "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[10]  Weighing these competing interests here, the court cannot say that a stay is warranted.

---

[6] *See id.* at 3 (citing 2014 WL 6804861 (Fed. Cir. Dec. 4, 2014)).

[7] *See* Case No. 5:13-cv-01776: Docket No. 408 at 1 ("the 'each cluster' term might mean several different things and no informed and confident choice is available among the contending definitions.").

[8] *See* Case No. 5:13-cv-01776: Docket No. 440.

[9] *Id.*

[10] *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Case Nos. 5:14-cv-02359; -02360; -02894; -02895; 5:15-cv-00165; -00166; -00167; -00168
ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASES

*First*, while there are some overlapping claims that may be resolved in full at the Federal Circuit, there are other claims that clearly will not.  Complete overlap is not required, and Defendants point out that in both waves of cases, Adaptix generically accuses network-operated handsets using Qualcomm baseband processors of infringing the asserted patents through their use of "Mode 3 CQI reporting" as defined in the 3GPP LTE standard.  While issue preclusion could limit Adaptix from relitigating these accusations—as well as indefiniteness—here,[11] Defendants ignore that Adaptix brings a host of other claims that are not at issue in the appeal, namely direct infringement of method claims by individuals on behalf of or controlled by Defendants, direct infringement of apparatus claims, contributory infringement of method and apparatus claims and invalidity of claims not already decided.[12]  Because a fair number of claims will ultimately be unaffected by the Federal Circuit's determination, the court does not see any efficiency in halting these cases in the meantime.

*Second*, while Defendants undoubtedly face the prospect of defending certain issues that may be resolved by the Federal Circuit in their favor, "being required to defend a suit . . . does not constitute a 'clear case of hardship or inequity.'"[13]  The court is not persuaded that the additional discovery burden from the overlapping issues will be so great as to outweigh the court's interest in moving this case forward.  However limited the cognizable damage to Adaptix from a stay, a trial date is set for August 2016, the court has construed claims multiple times and the parties have already exchanged voluminous document productions.  As tempting as it is for the court to put the

---

[11] *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1312 (Fed. Cir. 2010); *Pharmacia & Upjohn Co. v. Mylan Pharms, Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999).

[12] *See* Case No. 5:14-cv-02359: Docket No. 77.

[13] *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Case Nos. 5:14-cv-02359; -02360; -02894; -02895; 5:15-cv-00165; -00166; -00167; -00168
ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASES

stack of work that remains into its drawer, now is not the time to give in to that temptation. These cases need to be resolved.

**SO ORDERED.**

Dated: August 6, 2015

PAUL S. GREWAL
United States Magistrate Judge

Case Nos. 5:14-cv-02359; -02360; -02894; -02895; 5:15-cv-00165; -00166; -00167; -00168
ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASES